# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

FRANK E. FLANDERS, )
)
        Petitioner, )
)
vs. ) Case No. 11-0386-CV-W-DGK-P
)
LARRY DENNEY, )
)
        Respondent.

### OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 convictions and sentences for first-degree robbery and armed criminal action which were entered in the Circuit Court of Daviess County, Missouri. Petitioner's conviction was affirmed on direct appeal (Respondent's Exhibit 6), and the denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15 was upheld on appeal thereof (Respondent's Exhibit 12). Petitioner raises three (3) grounds for relief. Respondent contends that all the grounds are without merit.

### FACTUAL BACKGROUND

In affirming the judgment of conviction and sentence, the Missouri Court of Appeals, Western District, set forth the following facts:

> Flanders was charged by information with first-degree robbery in violation of section 569.020 RSMo and armed criminal action. The charge was related to a robbery that occurred at Casey's General Store in Gallatin, Missouri, on August 18, 2004.
>
> In the light most favorable to the verdict, the facts are as follows. On the night of August 18, 2004, a man walked into Casey's General Store in Gallatin, Missouri, wearing a large coat with the hood pulled up and a stocking cap over his face.

Shannon Watson and Joline King were working at Casey's that night. The man walked in just shortly before the store was set to close. He lifted his stocking cap up high enough to expose his face below his nose and demanded the money in the drawer from Watson and King. At first Watson and King thought he was joking because they recognized his voice as someone who had been in the store earlier that night. When the man brandished a gun, Watson and King realized it was not a joke and Watson retrieved the money form the drawer and gave it to him.

Watson testified that she suspected it was Flanders who had robbed the store, because he had been in the store earlier and she recognized his voice. King did not have any idea who the robber was.

Stacy Gatton testified that she lived next to Casey's and had walked over that evening just before the robbery. Gatton testified that she saw Michael Love and another man in a car outside Casey's. She knew Love but did not know the other man. Gatton later was on a ride along with Officer Todd Watson when Officer Watson pulled Flanders over for operating his motorcycle with expired tags. Officer Watson placed Flanders in the front seat of the patrol car while Gatton was in the back. At some point Gatton recognized Flanders as the man she did not know in the car at Casey's on the night of the robbery. She then text-messaged Officer Watson on her cell phone to let him know this was the other man in the car on the night of the robbery.

Flanders was arrested and questioned in conjunction with the robbery. He denied involvement in the robbery.

Love was also arrested for the robbery. He eventually admitted that he and Flanders had decided to rob Casey's that night. He pleaded guilty and agreed to testify against Flanders, in exchange for which he received only 120 days shock time in prison and a five-year probation sentence. He testified at trial that he and Flanders were in the car on the night of the robbery when Gatton passed and that, afterwards, Flanders had gone into Casey's while Love drove the car to the nearby church property to wait for Flanders. He testified that Flanders returned to the car with around $90 to $100.

. . .

The State presented the evidence outlined above and other evidence implicating Flanders as the robber. Flanders presented two witnesses and testified in his own defense. He denied involvement in the robbery and contended that he had returned to a friend's house the night of the robbery to sleep while Love had taken the car back out to go to the store.

After trial concluded, the jury returned the verdicts of guilty for both counts: robbery in the first degree and armed criminal action. The court assessed the punishment at life imprisonment for the first degree robbery count and ten years in the

2

Case 4:11-cv-00386-DGK   Document 15   Filed 11/29/11   Page 2 of 10

Department of Corrections for the armed criminal action count, sentences to be served consecutively. This appealed followed.

Respondent's Exhibit 6, pp. 1-3 (footnotes omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND ONE**

In Ground One, petitioner argues that the state circuit court failed to apply the correct standard afforded to Rule 29.15 litigants because the court held that petitioner's ineffective assistance of counsel and trial error claims were not reviewable on a Rule 29.15 motion and that they should have been brought on direct appeal. Doc. No. 1, p. 30a-31a. Moreover, petitioner states that the circuit court failed to apply the standard of Strickland v. Washington, 466 U.S. 668 (1984), to his claims of ineffective assistance of counsel. Id. In response, respondent argues that both of petitioner's ineffective assistance of trial and appellate counsel claims were heard and denied on the merits due to petitioner's failure to meet his evidentiary burden and that the circuit court recognized the standard

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

3

in *Strickland*. Doc. No. 8, pp. 3-4. Petitioner argues that his claims of trial error were barred because they should have been raised on direct appeal and that he failed to raise the issues on direct appeal because his appellate and trial counsel was ineffective. Doc. No. 14, pp. 12-14.

The Missouri Court of Appeals, Western District, denied the claims discussed in petitioner's Ground One by stating:

> Flanders's first six points on appeal concern claims of trial court error. In particular, he asserts three claims of trial court error based up on the prosecutor's allegedly improper comments during opening statement, one claim of error based upon the prosecutor's eliciting allegedly improper and prejudicial testimony from a State's witness, and one claim of error based upon the trial court's failure to order a mistrial *sua sponte* due to the prosecutor's misconduct. Such claims of trial court error are not cognizable under Rule 29.15. Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009). "Rule 29.15 is not a substitute for direct appeal, [and] this Court will not consider [a movant's] allegations of trial court error . . . ." Id.
>
> "Claims of trial error will only be considered in a Rule 29.15 motion where fundamental fairness requires, and then, only in rare and exceptional circumstances." Tisius v. State, 183 S.W.3d 207, 212 (Mo. banc 2006). "A freestanding claim of prosecutorial misconduct is generally not cognizable in a Rule 29.15 proceeding." Id. If, however, the alleged misconduct is serious and would not have been apparent during the trial, the courts may review such claims of prosecutorial misconduct in a Rule 29.15 proceeding. Id. But, even if we considered all of Flanders's trial court error claims as prosecutorial misconduct, all of the alleged errors were apparent at trial and, therefore, were not cognizable in a Rule 29.15 proceeding. Indeed, Flanders does not even attempt to explain what "rare and exceptional circumstances" would permit the court to consider these claims. The circuit court, therefore, did not clearly err in denying these six claims.
>
> As to Flanders's remaining two contentions on appeal, we note that Flanders's brief repeatedly violates 84.04's briefing requirements . . . .
>
> . . .
>
> "We acknowledge that we prefer to decide a case on its merits despite an appellant's failure to comply with Rule 84.04 . . . but, even if we were to review Flanders's claims, he would not prevail." Flanders failed to present any evidence to prove his claims or to overcome the presumptions that counsel's actions were matters of reasonable trial strategy.
>
> Flanders's burden was to establish by a preponderance of the evidence that his

4

attorney provided ineffective assistance of counsel. Rule 29.15(I). He was obligated to show that his attorney's performance "did not conform to the degree of skill, care, and diligence of a reasonably competent attorney" and that his attorney's failures prejudiced his case. State v. Hall, 982 S.W.2d 675, 680 (Mo. banc 1998) (citing Strickland, 466 U.S. at 687). Flanders claimed that his trial counsel was ineffective for failing to object to certain evidence and argument and for advising him to waive jury sentencing.

To be entitled to relief, Flanders must establish both deficient performance and prejudice. Failure to prove either prong negates his claim. Clayton v. State, 63 S.W.3d 201, 206 (Mo. banc 2001). To satisfy the performance prong of the Strickland test, Flanders has to overcome the presumptions that counsel acted professionally and that any challenged action was sound trial strategy. Hall, 982 S.W.2d at 680. To satisfy the prejudice prong of the Strickland test, Flanders "must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different." Tisius, 183 S.W.3d at 212. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

At the evidentiary hearing, Flanders did not present any evidence. He merely asked that the circuit court take judicial notice of the trial transcript. "Allegations in a Rule 29.15 motion are not self-proving, and a movant has the burden of proving the grounds asserted." Baker v. State, 180 S.W.3d 59, 64 (Mo. App. 2005). In regard to this burden, a movant should take into account these things. First, there is a strong presumption that counsel was effective, and the movant bears a heavy burden in overcoming that presumption by a preponderance of the evidence. Storey v. State, 175 S.W.3d 116, 125 (Mo. banc 2005). Second, prejudice is not presumed from a showing of deficient performance by counsel but must be affirmatively proven. State v. Stepter, 794 S.W.2d 649, 656 (Mo. banc 1990). Third, where a movant presents no evidence as to why counsel failed to object, he fails to overcome the presumption that counsel's actions were reasonable trial strategy. Baker, 180 S.W.3d at 64 (citing State v. Kreutzer, 928 S.W.2d 854, 874-75 (Mo. banc 1996)).

Flanders's act of having the court take judicial notice of the transcript established only that counsel did not object as Flanders alleged. Flanders failed to put forth any evidence as to why counsel did not object. Such evidence, such as through testimony of counsel, was necessary to overcome the presumptions that counsel's conduct was not deficient and that his reasons for not objecting were reasonable trial strategy. The fact that a meritorious objection was not made does not demonstrate incompetence. Rickey v. State, 52 S.W.3d 591, 596 (Mo. App. 2001). Counsel may have had reasonable motivations for not objecting, such as a belief that the challenged arguments or evidence were not harmful to the defense as to risk alienating the jury or a concern that an objection would highlight the evidence complained of, resulting in more harm than good. Id.; Vicory v. State, 81 S.W.3d 725, 731 (Mo. App. 2002). Because Flanders failed to present evidence to establish deficient performance or

5

> Strickland prejudice and failed to overcome the presumption of reasonable trial strategy, Flanders was not entitled to relief on any of his claims of ineffective assistance of trial counsel.

Respondent's Exhibit 12, pp. 2-6.

Insofar as petitioner argues that the circuit court dismissed his claims of ineffective assistance of counsel as not cognizable under a Rule 29.15 motion and failed to apply the Strickland standard, he is mistaken because the circuit court explicitly applied the Strickland standard and denied petitioner's two claims of ineffective assistance of counsel on the merits due to petitioner's failure to present sufficient evidence. Respondent's Exhibit 12, pp. 5-6. As to petitioner's claim that the circuit court erred in barring petitioner's claims of trial error, there is no federal constitutional right to a state collateral proceeding as a means of post-conviction review. Murray v. Giarratano, 492 U.S. 1, 10 (1985). Thus, any purported errors in that proceeding fail to raise cognizable grounds for relief under 28 U.S.C. § 2254(a). See Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990).

Finally, as to plaintiff's claims that his default in the state courts was caused by ineffective assistance of counsel, "[a] habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id. Petitioner procedurally defaulted his trial error claims by failing to include the claims on direct appeal. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and

6

actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

"In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004) (citing Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." Evans, 371 F.3d at 445 (citing Strickland, 466 U.S. at 687 (1984)). Petitioner independently has presented claims of ineffective assistance of trial and appellate counsel to the state courts relating to counsel's failure to challenge the prosecution's misconduct; however, petitioner has failed to show that the ineffective assistance rose to the level of an independent constitutional violation (see Ground Two– this Court's rejection of petitioner's ineffective assistance of trial and appellate counsel claims).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir.) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006).

For the foregoing reasons, Ground One will be denied.

## **GROUND TWO**

In Ground Two, petitioner asserts claims of ineffective trial and appellate counsels. Doc. No. 1, pp. 31a-33a  Petitioner contends that trial counsel was ineffective for failing to preserve claims of prosecutorial misconduct for appeal and that appellate counsel was ineffective for failing to raise the

7

claims of prosecutorial misconduct on direct appeal. Id.; Doc. No. 14, pp. 20-33.

In order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland, 466 U.S. at 687-88. This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland. 466 U.S. at 694. To satisfy the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

A claim of ineffective assistance of appellate counsel is subject to the same two-part test set forth in Strickland for claims of ineffective assistance of trial counsel. Harris v. Missouri, 960 F.2d 738, 739 (8th Cir.) cert. denied 506 U.S. 921 (1992). Consequently, in order to establish ineffective assistance of appellate counsel, a petitioner "must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense." Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995).

The Missouri Court of Appeals, Western District, found that petitioner failed to show that the trial counsel's actions were not reasonable trial strategy and that trial counsel's actions prejudiced him. Respondent's Exhibit 12, p. 6. If trial counsel was not ineffective, petitioner fails to show how appellate counsel's alleged failure to include the claims on direct appeal was not reasonable considering that the claims were not preserved for appeal by trial counsel. Also, petitioner fails sufficiently to establish that counsels' actions prejudiced him, because the objections, if allowed,

8

would not have discredited the eyewitness testimony.

Ultimately, the Missouri Court of Appeals, Western District denied both of petitioner's ineffective assistance of counsel claims because petitioner failed to provide evidence that established either Strickland prong. Respondent's Exhibit 12, p. 5. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground Two will be denied.

## GROUND THREE

In Ground Three, petitioner claims the Missouri Rule 29.15 process fails to provide a litigant with a fundamentally fair procedure, because the Western District Court of Appeals and the Missouri Supreme Court failed to review his claims of trial error on the merits. Doc. No. 1, pp. 33a-35a; Doc. No. 14, p. 33-38.

The issue of whether claims of trial error can be raised in a Missouri Rule 29.15 motion primarily presents an issue of state law, and a federal court is bound by a state court's interpretation of state law in federal habeas corpus proceedings unless petitioner's convictions violate the United States Constitution or federal law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("'federal habeas corpus relief does not lie for errors of state law'"). Petitioner had an appropriate state remedy for his trial error claims because petitioner could have raised his claims of trial error on direct appeal. If a petitioner's failure to bring the claims on direct appeal was due to ineffective assistance of appellate counsel, a petitioner could have presented a claim of ineffective assistance of appellate counsel in a Rule 29.15 motion. Petitioner asserted a claim of ineffective assistance of appellate counsel on appeal of the denial of his Rule 29.15 motion, and the claim was denied on the merits by the circuit court. Respondent's Exhibit 12, pp. 5-6. Finally, as previously stated, "an infirmity in a state post-conviction

9

proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Gee v. Groose, 110 F.3d at 1351-52. Because plaintiff fails to state a cognizable claim, Ground Three will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

                                                 /s/ Greg Kays
                                                 GREG KAYS
                                                 UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 29, 2011 .

10

Case 4:11-cv-00386-DGK   Document 15   Filed 11/29/11   Page 10 of 10